| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Baruch C. Cohen, Esq. (SBN 159455)<br>LAW OFFICE OF BARUCH C. COHEN<br>       A Professional Law Corporation<br>4929 Wilshire Boulevard, Suite 940<br>Los Angeles, California 90010<br>(323) 937-4501  Facsimile: (888) 316-6107<br>Email: baruchcohen@baruchcohenesq.com,<br>bcc4929@gmail.com<br><br>Minh T. Nguyen, Esq. (SBN 222405)<br>NGUYEN LAWYERS, ALC<br>3777 Long Beach Boulevard, Third Floor<br>Long Beach, California 90807<br>(562) 283-5415  Facsimile: (562) 283-5416<br>email: minh@nguyenlawyers.com<br><br>Attorneys for<br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant/ Plaintiff Robert Villegas* | **FILED & ENTERED**<br><br>**MAY 18 2023**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY gonzalez  DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>**ALESSANDRO JAMES HICKEY**<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:23-bk-11186-ER<br>CHAPTER: 7<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br><br>**(Action in Nonbankruptcy Forum)**<br><br>DATE: 5/15/2023<br>TIME: 10 am<br>COURTROOM: 1568<br>PLACE: 255 E. Temple Street, Los Angeles, CA |

**MOVANT:**

**ROBERT VILLEGAS**

1. The Motion was:    ☒ Opposed    ☐ Unopposed    ☐ Settled by stipulation

2. The Motion affects the following Nonbankruptcy Action:

   Name of Nonbankruptcy Action: **Robert Villegas vs. Alessandro James Hickey, et al.**

   Docket number: **30-2020-01144317-CU-PO-CJC**

   Nonbankruptcy court or agency where the Nonbankruptcy Action is pending: **Orange County Superior Court**

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                                      Page 1                                              F 4001-1.RFS.NONBK.ORDER

3. The Motion is granted under 11 U.S.C. § 362(d)(1).

4. As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

   b. ☐ Modified or conditioned as set forth in Exhibit _____ to the Motion.

   c. ☐ ~~Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the nonbankruptcy action do not constitute a violation of the stay.~~

5. **Limitations on Enforcement of Judgment:** Movant may proceed in the nonbankruptcy forum to final judgment (including any appeals) in accordance with applicable nonbankruptcy law. Movant is permitted to enforce its final judgment only by *(specify all that apply)*:

   a. ☐ Collecting upon any available insurance in accordance with applicable nonbankruptcy law.

   b. ☐ ~~Proceeding against the Debtor as to property or earnings that are not property of this bankruptcy estate.~~

6. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

7. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the nonbankruptcy action.

10. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice.

11. ☒ Other (*specify*): The Court's tentative ruling [Doc. No. 16] is incorporated herein by reference. The stay shall remain in effect with respect to enforcement of any judgment against the Debtor or estate property, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

~~Based on the foregoing, the Court GRANTS the Motion pursuant to 11 U.S.C. § 362(d)(1) to permit the Movant to proceed under applicable non-bankruptcy law to enforce its remedies to proceed to final judgment in the non-bankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or estate property. The Movant may not pursue any deficiency claim or any other claim against the Debtor or property of the estate, except that the Movant will retain the right to file a proof of claim, and the Movant's rights are preserved with respect to an adversary complaint filed under §§ 523 and 727 (to the extent applicable).~~

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                                Page 2                                              F 4001-1.RFS.NONBK.ORDER

###

Date: May 18, 2023

*signature: Ernest M. Robles*

Ernest M. Robles
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*    Page 3    **F 4001-1.RFS.NONBK.ORDER**

# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Monday, May 15, 2023**                                                                 Hearing Room    1568

10:00 AM
**2:23-11186    Alessandro James Hickey**                                                              Chapter 7

#2.00    HearingRE: [11] Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Pending Lawsuit .

Docket    11

**Matter Notes:**

5/15/2023

The tentative ruling will be the order.
Party to lodge order: As set forth in the Tentative Ruling

POST PDF OF TENTATIVE OR AMENDED TENTATIVE RULING TO CIAO

**Tentative Ruling:**

5/12/2023

**Note: Parties may appear at the hearing either in-person or by telephone. The use of face masks in the courtroom is optional.  Parties electing to appear by telephone should contact CourtCall at 888-882-6878 no later than one hour before the hearing.**

   For the reasons set forth below, the Limited Opposition is **OVERRULED** and the Motion is **GRANTED**.

**Pleadings Filed and Reviewed:**
1) Notice of Motion and Motion for Relief from the Automatic Stay [Doc. No. 11] (the "Motion")
2) Request for Judicial Notice in Support of Motion for Relief from the Automatic Stay as to Nonbankruptcy Action [Doc. No. 12]
3) Limited Opposition to the Motion [Doc. No. 15] (the "Limited Opposition")

## I. Facts and Summary of Pleadings

# United States Bankruptcy Court
# Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Monday, May 15, 2023**      Hearing Room     1568

**10:00 AM**
**CONT...**     **Alessandro James Hickey**      **Chapter 7**

    On March 2, 2023, Alessandro James Hickey (the "Debtor") filed a voluntary Chapter 7 petition (the "Petition Date"). On April 20, 2023, Robert Villegas (the "Movant") filed the Motion to proceed with an action bearing the caption *Robert Villegas vs. Alessandro James Hickey, et al.*, Case No. 30-2020-01144317-CU-PO-CJC (the "State Court Action"), pending in Orange County Superior Court (the "State Court").

    The Movant makes the following arguments in support of relief from stay:

1) The claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum;
2) The claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum; and
3) The Debtor filed the bankruptcy case in bad faith to delay or interfere with the State Court Action.

    The Movant commenced the State Court Action on May 26, 2020 by filing a complaint against the Debtor asserting claims for battery, intentional infliction of emotional distress, negligence, and negligent hiring, training, supervision, and/or retention (the "Complaint"). Trial was scheduled to begin on March 3, 2023.

    On May 7, 2023, the Debtor filed the Limited Opposition, which was received approximately one week after the deadline to file a timely opposition. The Debtor does not oppose the State Court Action from proceeding but requests that the order granting the Motion state that any judgment or findings in the State Court Action will not bear, in any way, against the Debtor in the pending adversary proceeding filed by the Movant against the Debtor (2:23-ap-01146-ER) (the "Adversary Proceeding") under principles of claim or issue preclusion.

## II. Findings of Fact and Conclusions of Law

    Section 362(d)(1) provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . (1) for cause . . . ." 11 U.S.C. § 362(d)(1). "What constitutes 'cause' for granting relief from the automatic stay is decided on a case-by-case basis." *Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer)*, 405 B.R. 915, 921 (B.A.P. 9th Cir. 2009); *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990). "To obtain relief from the automatic stay, the party seeking relief must first establish a prima facie case that 'cause' exists for relief under § 362(d)(1)." *Truebro, Inc. v. Plumberex Specialty Prods., Inc. (In re Plumberex Specialty Prods., Inc.)*, 311 B.R.

# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
**Courtroom 1568 Calendar**

**Monday, May 15, 2023**　　　　　　　　　　　　　　　　　　　　　　　　　　Hearing Room　　1568

<u>10:00 AM</u>
**CONT...**　　　**Alessandro James Hickey**　　　　　　　　　　　　　　　　　　　　**Chapter 7**

　　551, 557 (Bankr. C.D. Cal. 2004). "Once a prima facie case has been established, the burden shifts to the debtor to show that relief from the stay is unwarranted." *Id.*
　　In the Ninth Circuit, courts consider 12 non-exclusive factors to determine whether "cause" exists to grant relief to allow an entity to continue pending litigation against a debtor in non-bankruptcy forum:

1. Whether the relief will result in a partial or complete resolution of the issues;
2. The lack of any connection with or interference with the bankruptcy case;
3. Whether the foreign proceeding involves the debtor as a fiduciary;
4. Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;
5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;
6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;
7. Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;
8. Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c);
9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);
10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties;
11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and
12. The impact of the stay on the parties and the "balance of hurt[.]"

　　*Plumberex*, 311 B.R. at 559. Not all the factors are relevant in every case, and the Court is not required to give equal weight to each factor. *Id.* at 560.
　　The Court finds that the Movant has established a prima facie case that "cause" exists to grant relief from stay under § 362(d)(1). First, granting stay relief will promote interests of judicial economy and avoid piecemeal or redundant litigation.

# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Monday, May 15, 2023**                                                                 **Hearing Room   1568**

<u>10:00 AM</u>
**CONT...        Alessandro James Hickey                                                             Chapter 7**

Second, the State Court is more intimately familiar with the parties' disputes and the applicable state law to move the litigation more expeditiously to final judgment. The State Court, rather than the Bankruptcy Court, is best equipped to decide these issues related to substantive non-bankruptcy law. Third, allowing the Movant to litigate the State Court Action will best promote judicial economy by adjudicating a final judgment as to the underlying claims that may either support or negate the filing of a proof of claim, and/or whether it is appropriate to bring an adversary action against the Debtor.

The Court does not find that the Debtor filed the present case in bad faith. In support of a finding of bad faith, the Motion asserts that (i) the Debtor filed the instant bankruptcy case on the eve that trial was set to begin solely to delay or hinder the prosecution of the State Court Action, and (ii) the Movants are one of very few creditors listed in the Debtor's schedules. The Movant is among one of the Debtor's various scheduled creditors, including Wells Fargo Dealer Services, the Internal Revenue Service, Capital One Bank USA, N.A., ED Financial, and LendingPoint. The factors alleged in the Motion do not warrant a finding of bad faith.

The Limited Opposition is overruled. A motion for relief from the automatic stay is a summary proceeding that does not involve an adjudication of the merits of the underlying claims. As recognized by the Ninth Circuit Bankruptcy Appellate Panel in *In re Luz Int'l, Ltd.*:

> Given the limited grounds for obtaining a motion for relief from stay, read in conjunction with the expedited schedule for a hearing on the motion, most courts hold that motion for relief from stay hearings should not involve an adjudication of the merits of claims, defenses, or counterclaims, but simply determine whether the creditor has a colorable claim to the property of the estate. *See In re Johnson*, 756 F.2d 738, 740 (9th Cir.), *cert. denied*, 474 U.S. 828, 106 S.Ct. 88, 88 L.Ed.2d 72 (1985) ("Hearings on relief from the automatic stay are thus handled in a summary fashion. The validity of the claim or contract underlying the claim is not litigated during the hearing.").

219 B.R. 837, 842 (9th Cir. BAP 1998) (citation omitted). In a summary proceeding, the court's discretion is broad. *In re Santa Clara Cty. Fair Ass'n, Inc.*, 180 B.R. 564, 566 (B.A.P. 9th Cir. 1995). The Motion only concerns whether the Court should lift the automatic stay. Whether any judgment or findings in the State Court Action have preclusive effect in the Adversary Proceeding must be determined in the Adversary Proceeding. The Debtor's request that the order granting the Motion state that any

# United States Bankruptcy Court
## Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Monday, May 15, 2023**   **Hearing Room   1568**

**10:00 AM**
**CONT...    Alessandro James Hickey                                                Chapter 7**

judgment or findings in the State Court Action will not bear against the Debtor in the Adversary Proceeding under principles of claim or issue preclusion is inappropriate as it is outside the scope of the Motion. Therefore, the Limited Opposition is overruled and the Debtor's request is denied.

Based on the foregoing, the Court GRANTS the Motion pursuant to 11 U.S.C. § 362(d)(1) to permit the Movant to proceed under applicable non-bankruptcy law to enforce its remedies to proceed to final judgment in the non-bankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or estate property. The Movant may not pursue any deficiency claim or any other claim against the Debtor or property of the estate, except that the Movant will retain the right to file a proof of claim, and the Movant's rights are preserved with respect to an adversary complaint filed under §§ 523 and 727 (to the extent applicable). This order shall be binding and effective despite any conversion of the bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

The Court also finds it appropriate to waive the 14-day stay prescribed by Federal Rule 4001(a)(3). All other relief is denied.

## III. Conclusion

For the reasons set forth above, the Limited Opposition is **OVERRULED** and the Motion is **GRANTED**. The Movant is directed to lodge a conforming proposed order, incorporating this tentative ruling by reference, within seven days of the hearing.

No appearance is required if submitting on the Court's tentative ruling. If you intend to submit on the tentative ruling, please contact Daniel Koontz or Evan Hacker at 213-894-1522. **If you intend to contest the tentative ruling and appear, please first contact opposing counsel to inform them of your intention to do so.** Should an opposing party file a late opposition or appear at the hearing, the Court will determine whether further hearing is required. If you wish to make a telephonic appearance, contact Court Call at 888-882-6878, no later than one hour before the hearing.

| Party Information |
|---|

**Debtor(s):**

Alessandro James Hickey            Represented By
                                                    Sevan Gorginian

# United States Bankruptcy Court
# Central District of California
Los Angeles
Ernest Robles, Presiding
Courtroom 1568 Calendar

**Monday, May 15, 2023**          Hearing Room    1568

<u>10:00 AM</u>
**CONT...**      **Alessandro James Hickey**                                        **Chapter 7**
    <u>**Trustee(s):**</u>

         Carolyn A Dye (TR)                    Pro Se